J. H. WRIGHT ET AL. *v.* BOARD OF SUPERVISORS OF LAUDERDALE
COUNTY.

1. SCHOOL-FUND. *Sixteenth sections. Suit to establish title. Code* 1892, § 4147.

    Compliance by the board of supervisors with the requirements of §§ 4144,
    4145, 4146, code 1892, as to the investigation of titles to sixteenth sec-
    tions, the making of abstracts and the location of lands belonging to
    townships, being for the benefit of the public, is not a prerequisite to
    bringing suit under § 4147 to establish and confirm the title to such
    lands, and to fix the date of the expiration of any lease thereof and to
    cancel as clouds adverse titles asserted thereto.

2. SAME. *Canceling clouds. Deraignment of title. Code* 1892, § 501.

    Though § 501, code 1892, requires complainant in a suit to confirm title to
    real estate and cancel clouds, to deraign his title, it is sufficient, in a suit
    brought under § 4147, code 1892, in behalf of the county, to aver reser-
    vation of title to the land by the United States for school purposes, and
    that the legal title remains in the United States, with a public trust
    therein for the support of schools in the township.

3. SAME. *Averment of defendant's claim. Deraignment.*

    It is not necessary for complainant in such a bill to set out particularly
    defendant's title which it is sought to cancel. An averment that defend-
    ant is in possession, claiming in fee-simple, and that this is a cloud, is
    sufficient.

4. CANCELING CLOUDS. *Misjoinder of defendants. Demurrer.*

    Although a bill in behalf of a county against several defendants, who, it is
    alleged, are in possession and asserting title in fee-simple to a sixteenth
    section, does not aver that they claim jointly, or under a common source,
    objection for misjoinder of defendants cannot be made by demurrer to
    the bill.

FROM the chancery court of Lauderdale county.

HON. W. T. HOUSTON, Chancellor.

By §§ 4144, 4145, 4146, code 1892, it is made the duty of
boards of supervisors to cause the titles to sixteenth section
school-lands to be investigated, and abstracts of the titles to

be made, and to discover where any school-funds belonging to any township have been paid into the county treasury and mingled with other moneys.

Section 4147 is as follows: " It is the duty of the board of supervisors, and of such competent person or persons so employed, in the name of the county, and the privilege of any person interested, to institute and prosecute to effect, in the chancery court of the county where the land lies, all necessary suits to establish and confirm the title to each parcel of such land, and to fix the date of the expiration of any lease of the same; and if any person claim any of said lands in fee-simple, or upon any other terms than that of a lease to expire at a fixed date, with absolute reversion to the state in trust, or if the title to such land rests in parol, by destruction of records or otherwise, suit shall be instituted at once, or as soon as practicable, to test the legality of such claims or to re-establish the lost record."

The bill in this case was filed by Lauderdale county against the appellants, it being alleged that they are in possession of, and claim title in fee-simple to, a certain sixteenth section of land, and that such possession and claim are a cloud upon the title to said land, and render it unavailable for the proper legal execution of the trust therein for the support of public schools. The prayer of the bill is that defendants be required to disclose by their answers what title each of them has or asserts, and that these claims may be inquired into and the true state of the title established. The defendants demurred to the bill, making, among others, the points which are indicated in the opinion. The demurrers were overruled, and an appeal granted to settle the principles of the cause.

*S. B. Watts,* for appellant.

The duties imposed by §§ 4144, 4145 should have been performed before the commencement of this suit, and the bill should have set out the condition of the title of each parcel

of the land, so that the court might determine whether suit was necessary. While the bill alleges that no valid sale or conveyance or lease of the land has ever been made, it should set out the facts connected with the disposition, so that the court might determine, as matter of law, whether such sale or conveyance or lease was valid.

By § 501, code 1892, it is made the duty of complainants seeking to cancel clouds to deraign their title. The bill in this case wholly fails to do this.

The bill does not show that defendants claimed and occupied the land as tenants in common, or that there was any community of interest between them. So we contend that they were improperly joined.

*Walker & Hall,* on the same side.

If there was any necessity for this suit at all, it has been brought prematurely and improperly. The precedent steps required by §§ 4144, 4145 should have been taken before the institution of the suit.

It is not sufficient to allege that defendants claim title in fee-simple. If the alleged fee-simple title is of record, it should be set out. If not, it should be so stated. If defendants rely on a mere verbal claim of fee-simple title, that is not sufficient ground to justify the bill.

It is not alleged that defendants are tenants in common or are claiming under the same title, and there is, therefore, a misjoinder of defendants. It is not sufficient that the question of law and fact as to all the defendants is the same. *Tribette* v. *Railroad Co.*, 70 Miss., 182.

*Woods & Woods* and *Fewell & Brahan,* for appellees.

It is not necessary for the bill to show, as a prerequisite to filing this suit, compliance by the board of supervisors with §§ 4144, 4145. If it is, the court will presume that the board has complied with its official duty.

Complainants' title is sufficiently stated in the bill. We

admit that the question as to where the legal title of these lands is is not free from doubt, in view of the decisions of our court, or rather it is doubtful what power the state has over them in respect to the sale or disposition thereof. But it is immaterial to the rights of appellants where the legal title is, as between the United States, the state and the counties. The point is, that there is a trust in these lands in favor of the heads of families of the townships, for the support of public schools, and the chancery court is the proper forum, under the general rules of law governing trusts, for the enforcement of the rights here sought. It is sufficient that defendants are in possession, claiming title in fee-simple. It is not necessary to deraign defendants' title. Even if they were trespassers, the board would be under duty to bring this suit. The holder of a trust who cannot bring ejectment, would, in the absence of the statute, have the right to resort to the chancery court for possession. However, § 4147 confers the jurisdiction expressly.

It is immaterial how the defendants claim, whether jointly, as tenants in common, or under the same title or otherwise. They can be sued in one bill, and a multiplicity of suits and great expense be avoided.

WOODS, J., delivered the opinion of the court.

Sections 4144, 4145 and 4146, code 1892, are quite independent of and distinct from § 4147, under which this bill was exhibited. We must assume that the board of supervisors in each county wherein is situated a sixteenth section of land, or a part of such section, or another section or part of another section taken in lieu of any sixteenth or part thereof, reserved for the support of township schools, has complied with the requirements of the three first-named sections; but we do not believe that the fruits of such compliance are to be fully averred in the bills filed to establish and confirm the title to such lands. We do not think it requisite that the abstract contemplated in § 4145, in whole or in part, must be

set out in the suits that may be thought by the board of supervisors to be necessary to be brought under § 4147. The making of the investigations to ascertain the true condition of the title to sixteenth section lands, and of abstracts of title thereto, is not a condition precedent to suit; but such investigations and abstracts are for the information of the people at large, as well as for the board of supervisors, as to the condition of the titles to such lands.

The bill adequately deraigns the title of complainant when it avers the reservation of title by the government of the United States to such lands for school purposes, and charges that the legal title remains in the United States, and that there is a public trust in said lands for the support of schools in the township in which the lands are to be found. That the state, and the agencies of its creation to that end, may manage such lands, and execute the public trust therein, is not disputable, and this suit is merely an attempt by an agency of the state to more effectually manage the school-lands and carry out the trust created.

It was not necessary for complainant, in its bill, to make deraignment of respondents' claim of title. The bill does aver that the defendants are in possession of, and claim title in fee-simple to, the land, and that such possession and claim cast a cloud upon the title to the land, and render them unavailable for the carrying out of the trust, and this is sufficient averment. Indeed, it may readily be conceived that this is all that complainant could aver, for the investigations as to the condition of the title, as disclosed by the examination of the deed records, may have shown nothing more. It is manifestly not true that the complainant is in position to state the particulars of the claim of title made by defendants equally as readily and as fully as could the defendants themselves.

There is no misjoinder of parties in the case, as now presented by the bill. It is charged that the defendants are in possession of the entire section of land, and that they are

claiming title in fee-simple thereto. Misjoinder is not predicable of the bill, on this averment, and this is the only question, on this point, now before us.

*Affirmed.*